# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENEE D. BELL,**

                    **Plaintiff,**

**v.**                                         **Case No:   6:18-cv-193-Orl-31KRS**

**FLORIDA HIGHWAY PATROL and**
**LARRY COSTANZO,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 29)** |
| **FILED:** | **July 31, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND

On February 7, 2018, Renee D. Bell, appearing pro se, filed a complaint against Defendants Florida Highway Patrol ("FHP") and Larry Costanzo (collectively "Defendants"), alleging several claims against Defendants stemming from her employment with FHP.   Doc. No. 1.   FHP moved to dismiss the complaint with prejudice, asserting that Plaintiff failed to state a claim and that her causes of action were barred by the statute of limitations, res judicata, collateral estoppel, and, in some cases, sovereign immunity.   Doc. No. 14.   Plaintiff did not respond to the motion to dismiss.

On June 6, 2018, the presiding judge, the Honorable Gregory A. Presnell, dismissed the complaint with prejudice, finding:

> This is Plaintiff's third suit based on her employment by FHP more than a decade ago.  *See Bell v. Florida Highway Patrol*, Case No. 6:05-cv-1806-Orl-31DAB *and Bell v. Florida Highway Patrol*, Case No. 6:17-cv-326-31KRS.  As set forth in FHP's motion, the claims that the Plaintiff asserts (or attempts to assert) in her latest complaint are barred by the statutes of limitations, the doctrines of res judicata and/or collateral estoppel, and, in some instances, sovereign immunity.

> To put it in simpler terms, the Plaintiff had her day in court, and she lost.  It is time to move on.  If the Plaintiff files suit based on these claims again, the Court will consider imposing monetary sanctions.

Doc. No. 19.

On June 21, 2018, Plaintiff filed a "Motion/Response for Denial of Sanctions, In Response to Defendant/FHP Motion, Memorandum of Law, and Request for Reinstatement."  Doc. No. 20. Judge Presnell denied the motion.  Doc. No. 21.  Plaintiff appealed from that order without paying the filing fee.  Doc. No. 23.  She simultaneously filed a motion for reconsideration of the denial of that motion, but her motion for reconsideration was denied as moot based on the filing of the notice of appeal.  Doc. Nos. 22, 24.

On July 23, 2018, Plaintiff filed a "Motion/Request for 'This Court[']s' Final Closure Prior to 'Appeal,'" which in substance asked for reconsideration and/or reopening of the case.  Doc. No. 26.  Judge Presnell denied the motion.  Doc. No. 27.  Plaintiff then appealed from the denial of that motion, and she also filed a motion to proceed without paying costs, which consisted of an Application to Proceed in District Court without Prepaying Fees or Costs.  Doc. Nos. 28, 29.

The Application to Proceed in District Court without Prepaying Fees or Costs was referred to me for issuance of a Report and Recommendation.

## II.    PROCEDURAL HISTORY

In her complaint (*Bell v. Florida Highway Patrol*, No. 6:18-cv-193-Orl-31KRS, "***Bell III***," Doc. No. 1), Plaintiff asserts numerous claims against Defendants that pertain to the same claims she has previously raised in this Court and that have been addressed in great detail.   *See Bell v. Fla. Highway Patrol*, No. 6:05-cv-1806-Orl-31DAB ("***Bell I***"); *Bell v. State of Fla.*, No. 6:17-cv-326-Orl-31KRS ("***Bell II***").   As explained in my Report and Recommendation in *Bell II*, Plaintiff's lawsuit has a long and complex history, which I only briefly restate here, in relevant part, to provide context.   *See, e.g.*, *Bell v. Fla. Highway Patrol*, 325 F. App'x 758 (11th Cir. 2009) (per curiam) (reversing dismissal of second amended complaint); 476 F. App'x 856 (11th Cir. 2012) (per curiam) (affirming dismissal of third amended complaint); 589 F. App'x 473 (11th Cir. 2014) (per curiam) (affirming denial of leave to file fourth amended complaint); *Bell II*, Doc. No. 10 (M.D. Fla. March 13, 2017), *report and recommendation adopted by* Doc. No. 16 (M.D. Fla. April 18, 2017) (dismissal of complaint as frivolous upon review of motion to proceed *in forma pauperis*).

In *Bell I*, Plaintiff sought three million dollars in damages and injunctive relief against Defendants via her third amended complaint.   *Bell I*, Doc. No. 84, at 34.   She claimed that she was unfairly demoted and subsequently terminated from employment, after an incident occurring on August 3, 2005.   *Id.* at 2–3.   Defendants terminated her from employment on February 20, 2006, for allegedly disregarding directions from her supervisor on August 3, 2005, and generally creating a hostile working environment.   *Id.* at 6, 17.   In her complaint, Bell claimed defamation, racial discrimination, negligent infliction of emotional distress, violations of the Americans with Disabilities Act ("ADA"), violations of the Family Medical Leave Act ("FMLA"), hostile work environment, administrative irregularities in the procedures used to terminate her, and that her

termination violated the U.S. Constitution and constituted retaliation.   *See, e.g.*, *Bell I*, Doc. No. 84, at 4, 8, 17, 23, 29, 30, 31.

Defendants moved to dismiss the third amended complaint for failure to comply with procedural requirements and failure to state a cause of action.   *Bell I*, Doc. No. 91.   The Court granted the motion with leave to amend.   *Bell I*, Doc. No. 110.   Instead of amending, Plaintiff appealed to the Eleventh Circuit.   *Bell I*, Doc. No. 118.    While the appeal was pending, Plaintiff filed a fourth amended complaint, which the Court dismissed with prejudice.   *Bell I*, Doc. Nos. 127, 135.   Plaintiff also appealed from that dismissal.   *Bell I*, Doc. No. 137.

The Eleventh Circuit held that the dismissal order of Plaintiff's third amended complaint was a final appealable order after Plaintiff filed her notice of appeal; thus, because this Court lacked jurisdiction to dismiss the fourth amended complaint, the Eleventh Circuit remanded with directions to strike Plaintiff's fourth amended complaint and vacate all orders after the notice of appeal.   *Bell I*, Doc. No. 146.   The Eleventh Circuit noted that, by appealing rather than amending the complaint, Plaintiff waived her right to amend.   *Id.*

The Eleventh Circuit subsequently affirmed the dismissal of Plaintiff's third amended complaint.   *Bell*, 476 F. App'x at 856.   Plaintiff requested to refile a fourth amended complaint, but this Court ultimately denied that request.   *Bell I*, Doc. No. 150, 162.   Plaintiff again appealed, but the Eleventh Circuit affirmed.   *Bell*, 589 F. App'x at 474.   Plaintiff filed a petition for writ of *certiorari* to the U.S. Supreme Court, but that petition was denied, *Bell v. Fla. Highway Patrol*, 137 S. Ct. 234 (2016), as was her request for rehearing, *Bell v. Fla. Highway Patrol*, 137 S. Ct. 844 (2017).

One month later, Plaintiff filed the complaint in *Bell II*.   *Bell II*, Doc. No. 1.   Instead of naming FHP and Costanzo as Defendants, Plaintiff named the State of Florida.   *Id.*   In conjunction

with the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. *Bell II*, Doc. No. 2. The complaint lacked detailed factual allegations but stated that it was "a new case in respect to prior case filed and dismissed." *Bell II*, Doc. No. 1. Plaintiff alleged: numerous violations of the U.S. Constitution; criminal conspiracy under 18 U.S.C. §§ 241–242; a whistleblower claim under § 1983; defamation; violations of the ADA; violations of Florida's administrative laws; and failure to protect her from unethical conduct. *Id.* at 1–2. She sought twelve million dollars in damages, "restoration of damage to name," and backpay. *Id.* at 2.

I issued a Report and Recommendation recommending that the complaint be dismissed as frivolous. *Bell II*, Doc. No. 10. Specifically, I noted that it appeared that Plaintiff was attempting to use a new case to file the fourth amended complaint that she was denied in *Bell I*. *Id.* at 7. In addition, (1) Plaintiff's § 1983 claims were barred by Eleventh Amendment immunity and the statute of limitations; (2) the criminal conspiracy statutes—18 U.S.C. §§ 241 and 242—were unavailable to assert a private cause of action; (3) the ADA claims were barred by sovereign immunity; (4) her defamation claims were barred by the statute of limitations; (5) several of her claims for violations of the Florida Constitution, Administrative Rules, and unspecified other regulations, were either unavailable as a private cause of action or barred by sovereign immunity; and (6) none of the grounds stated a claim upon which relief could be granted. *Id.* at 8–16. I recommended that the complaint be dismissed without leave to amend. *Id.* at 17. Judge Presnell overruled Bell's objections and adopted the Report and Recommendation. *Bell II*, Doc. No. 16. Therefore, the complaint was dismissed with prejudice on April 18, 2017. *Id.*

Plaintiff instituted the instant case in February 2018. *Bell III*, Doc. No. 1.

III.     ALLEGATIONS OF THE COMPLAINT.

In this case, Plaintiff seeks another opportunity to address allegations regarding her employment with FHP.   *See Bell III*, Doc. No. 1, at 1 ("***Comes now***, the undersigned . . . submit a new case, in respect to a previous dismissal of the above caption case.").   Based on her termination of employment with FHP in 2006, Plaintiff again alleges wrongful discharge, racial discrimination under § 1983, retaliation, emotional distress, defamation, ADA violations, FMLA violations, whistleblower claims, civil rights violations, and conspiracy, all from what she terms an "assault" by Defendants on August 3, 2005.   *Id.* at 7–12.   Plaintiff seeks twelve million dollars in damages, "restoration of damage to name," back pay from February 20, 2006 to present, payment for property loss from June 13, 1988 to present, "return of written and implied contract/property interest," "correction to retirement system," and "correction of monetary amount."   *Id.* at 16.

The Court dismissed Plaintiff's complaint with prejudice.   *Bell III*, Doc. No. 19.   Plaintiff separately appealed two post-dismissal orders denying her motions to reconsider the dismissal or reinstate the case.   *Bell III*, Doc. Nos. 23, 28.   She filed an Application to Proceed in District Court without Prepaying Fees or Costs in conjunction with her second notice of appeal, which was referred to me for issuance of a Report and Recommendation.   *Bell III*, Doc. No. 29.   For purposes of this Report and Recommendation, I will construe Plaintiff's application as a request for leave to appeal *in forma pauperis*.[1]   I also assume, for purposes of this Report and Recommendation, that Plaintiff seeks leave to appeal *in forma pauperis* as to both of her pending appeals.   Doc. Nos. 23, 28.

---

[1] Fed. R. App. P. 24 provides that a party who wishes to appeal *in forma pauperis* must file a motion in the district court supported by an affidavit that (1) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs; (2) claims entitlement to redress; and (3) states the issues the party intends to present on appeal.   Bell filed a motion supported by financial affidavits.   Doc. No. 29.   She filed separate notices of appeal, in which she stated what she wished to appeal. Doc. Nos. 23, 28.   Because I recommend that leave to appeal *in forma pauperis* be denied, I have not required Bell to file a motion to proceed *in forma pauperis* that strictly complies with Fed. R. App. P. 24.

## IV.    STANDARD OF REVIEW.

"The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.'"  *Ellis v. United States*, 356 U.S. 674, 674 (1958) (citing 28 U.S.C. § 1915).  "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  *Id.* (citing *Farley v. United States*, 354 U.S. 521 (1957)).  "Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether [the] appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated."  *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999) (citing *Jones v. Frank,* 622 F. Supp. 1119 (W.D. Tex. 1985)).  "An argument is frivolous only when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless."  *Wilson v. Berryhill*, No. 16-CV-81881-BRANNON, 2017 WL 4305125, at *1 (S.D. Fla. Aug. 22, 2017) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).  Therefore, an application for leave to appeal *in forma pauperis* is properly denied "if it appears—objectively—that the appeal cannot succeed as a matter of law."  *DeSantis*, 15 F. Supp. 2d at 1289 (citations omitted).

## V.    ANALYSIS.

Although Plaintiff's complaint is difficult to follow, it is apparent that it is a continuation of Plaintiff's previous lawsuits in *Bell I* and *Bell II*.  All of her claims involve her employment with FHP and her termination from employment in February 2006.

In her first notice of appeal (Doc. No. 23), Plaintiff appeals from the denial of her motion for reconsideration of the dismissal, with prejudice, of her complaint (Doc. No. 21).  Plaintiff's second notice of appeal is less clear, but it follows the denial of her "Motion/Request for 'This

Court[']s' Final Closure Prior to 'Appeal.'"   Doc. Nos. 27, 28.   The second notice of appeal was accompanied by the subject motion for leave to appeal *in forma pauperis*.   Doc. No. 29.

Plaintiff's second notice of appeal is untimely.   In general, a notice of appeal must be filed within thirty days after entry of the judgment or order appealed.   Fed. R. App. P. 4(a)(1)(A).   However, motions under Federal Rules of Civil Procedure 50(b), 52(b), 54, 59 and 60 toll the time for appealing.   Fed. R. App. P. 4(a)(4)(A).   Assuming that Plaintiff's "Motion/Request for 'This Court[']s' Final Closure Prior to 'Appeal'" qualified as motion to "alter or amend the judgment" under Rule 59, it was not filed until July 23, 2018, and the order of dismissal was entered on June 6, 2018.   Thus, Plaintiff's second motion for reconsideration was untimely and did not toll the time to appeal from the final judgment.   *See* Fed. R. Civ. P. 59(e) (allowing twenty-eight days to file motion to alter or amend judgment after judgment is entered); *see also Kight v. IPD Printing & Distrib., Inc.*, 427 F. App'x 753, 754 (11th Cir. 2011) (per curiam) [2] (construing motion for reconsideration as falling under Rule 59(e) and finding it untimely as not filed within twenty-eight-day window).   Accordingly, her second notice of appeal is legally frivolous.   *Cf. In re Trans World Airlines*, 225 F. App'x 91, 92 (3d Cir. 2007) (no arguable basis to challenge district court's dismissal of appeal from bankruptcy court because notice of appeal was untimely).

Assuming that Plaintiff also seeks leave to appeal *in forma pauperis* as to the first notice of appeal, on the merits Plaintiff's appeal is frivolous.   In this case, Plaintiff attempts to raise the same claims as those raised in *Bell I* and *Bell II*.   As discussed in previous Reports and Recommendations and Orders, each of her claims has been previously dismissed, ultimately without leave to amend. Therefore, Bell has no valid basis to appeal.

## VI.   RECOMMENDATION.

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

For the reasons discussed herein, **I RESPECTFULLY RECOMMEND** that the Court **DENY** the motion for leave to appeal *in forma pauperis* (Doc. No. 29), **CERTIFY** in writing to the United States Court of Appeals for the Eleventh Circuit that the appeal is not taken in good faith and **DIRECT** the Clerk of Court to serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.  I further recommend that after the Court rules on the pending motion, it **DIRECT** the Clerk of Court to close the file in this case.

It is **ORDERED** that Plaintiff shall not file any additional motions or other documents, other than a written objection to this Report and Recommendation, pending the resolution of this Report and Recommendation.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 16, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy